Thank you, Your Honor. My name is James Michel and I'm proud to represent the appellants in this matter, Mr. and Mrs. Reyes, and may my argument please the court. Your Honors, my clients are Chapter 13 debtors who moved to vacate a state judgment and a claims objection before the bankruptcy court, and the bankruptcy court dismissed the motion based on Rooker-Feldman. The bankruptcy court refused to apply this court's and bank opinion 2000 Grunts versus the County of is that the bankruptcy court when it's acting in a core proceeding as original and exclusive jurisdiction to avoid a state judgment. In fact, the Grunts decision goes so far as to say that Congress's grant of power is plenary power to rule in a core proceeding independently and separately from the Rooker doctrine. In our case, the bankruptcy court in its decision acknowledged that appellants motion constituted a claims objection. However, the bankruptcy court distinguished the holding in cases such as Grunts and Sasson versus Sokoloff on grounds that those cases involved substantive rights under the bankruptcy code, such as violation of the section 362 automatic stay, like in Grunts and in Gonzalez versus Parks. And in Sasson, the creditor was asserting particular substantive rights in a non-dischargeability proceeding. However, our position is that the claims objection that we brought up is a core proceeding in a chapter 13 case. And as such, the bankruptcy court is dealing with the debtors, the bankruptcy debtors substantive rights under the bankruptcy. Counsel, when you talk about your claim objection, one thing I don't understand from this record is my understanding is that Kutnerian never filed a claim. Is that right? That is correct, Your Honor. But you filed a claim on his behalf. Is that right? That's right, Your Honor. So aren't you objecting to your own claim? Well, no, it is the creditor's claim. It's only that there's a procedure in bankruptcy for the debtor to file the claim on behalf of the creditor once the creditor's deadline to file passes. And the reason for that, Your Honor, is that one of the goals of bankruptcy is to allow the debtor to bring all of his debts into the one proceeding so that all debts that were existing that are considered pre-petition debts... Well, what I'm getting at is, though, I understand all that. But still, you filed a claim because you wanted to get the claim, the debt, before the bankruptcy court. But now you're saying you don't want it there, and you're objecting to it. What's the purpose of filing a claim if you want to object to it? Well, it is a claim in the bankruptcy case whether the creditor files a proof of claim or not. It's a claim in the bankruptcy case because it's one of the debts, one of the pre-petition debts that the debtor listed, and that existed, but the debtor's listed in their petition. And if you have a case... Can you cite me a case that says a debtor objected to the claim that he filed on behalf of a creditor? Well, I know we have it in our brief. So if you give me a moment to find that, Your Honor, in our opening brief. Looks like page 25 of our brief. And if it's okay with the court, let's see. Well, we cited the statute and the federal rules of a second circuit case, Your Honor, on page 26 of our brief. In re Chateau Gay Corporation, the primary purpose of section 501 is to ensure that all those involved in the proceeding will be made aware of the claims against the debtor's estate. And then there's a bankruptcy court decision out of the Northern District of Illinois, Your Honor, in re... Wait a minute. Wait a minute. That case, you didn't quote me anything that says, but the debtor can object to the claim that he filed. Does it say that? I don't... The second decision I'm saying is more to that point, Your Honor. It's section 501 and rule 3004 empower the debtor to create an actual controversy by filing a proof of claim on behalf of the creditor and then turning around an opposing allowance of the claim that the debtor filed on behalf of the creditor. And that's in re Kyland, bankruptcy court in the Northern District of Illinois. What's the citation to that? 129BR, the bankruptcy reports, page 538. And the jump site is to page 547, Your Honor. Okay. Thank you. I will look that up, but that's the only authority you have that says you can do that. That it's a case of controversy. Yes. That and the, from the United States code section 501 and also the federal rules of bankruptcy procedure. Yes. But the rules say nothing about doing both in the same case. I do believe the rules do say that. I think in that rule, that's the purpose of allowing the debtors to file the claim. That's your interpretation, but the rules don't say that. Well, I don't have the rule in front of me, but I think that's what it says. That's why we cited it there, Your Honor. I think that's why, I mean, it's already a claim in the case, but the purpose of allowing the debtor to file the proof of claim is so that it can be brought into before the court and the court can administer it. And one of the ways the court can administer is if the debtor's allowed to file that objection. And the rules do allow the debtor to object to any claim. And I have a- All right. If I may proceed, Your Honor? Sure. I only have a couple minutes left, but I wanted to say that once we are in the court proceeding, we are beyond Rooker. Therefore, we do not get to any Feldman analysis. We don't get to any question of de facto appeal or inextricably intertwined. And the reason I say that is when you look at the 2005 decision from the United States Supreme Court, Exxon Mobil, you don't see inextricably intertwined as part of the court's holding. The court left that part out. You don't see the words de facto appeal. We don't have a de facto appeal in this case because we have a congressional grant of jurisdiction that's independent. It's explicitly granted to the bankruptcy court. And so you don't get to the question of de facto appeal. But even if you did, we aren't alleging an injury from the judgment. We're alleging an injury from the appellee's failure to serve the proper kind of notice. And that's what led to the state court not having subject matter jurisdiction. You can't waive subject matter jurisdiction. Therefore, we did not. And no state court ever ruled on subject matter jurisdiction. Didn't the state court hold that you hadn't demonstrated extrinsic fraud on the notice issue? But we don't need to do that if we're only objecting to subject matter jurisdiction. There is no case. There's nothing to preclude. There's no state court issue of preclusion if it's a void judgment. It's just a nullity, your honor. You lost on that issue in the state court. And thus, isn't your current argument a direct attack on the holding of the state court? And isn't that what Rooker-Feldman's all about, to prevent an appeal where you're on the losing end? Well, what my clients lost on their representing themselves, they argued personal jurisdiction. They said the court did not have personal jurisdiction. And they also argued violation of due process of law. But what we're saying is you don't get to a state court judgment. This would not be the first time that the Ninth Circuit actually rejected a void state court judgment. And we cited the case of Stark v. Stark on page 44 of our opening brief. And that's when the Ninth Circuit found that it's not precedential, but it is relevant. And they cite Sasson and say, there's no Rooker-Feldman. And then they look at the state judgment and say, there's no state judgment for preclusion because it was entered in excess of its jurisdiction. And that's all we're saying here, your honor. Counselor, you're about a minute over your time, so unless there are other questions. No? All right. Mr. Jenkins? Thank you. Good morning, your honors. Three things. One, we don't really need to get bogged down in Rooker-Feldman. This is a full faith and credit case. And the full faith and credit statute is quite clear that this court and all the federal courts have to give the same preclusive effect to a state court judgment that a state court would have to give it. And we don't need to get bogged down in what that effect would be because this case has been up on appeal through the state court process at least twice. And no state court judge has come forward with any doubt as to whether this is a valid judgment. Second, the purpose for allowing a debtor to file a proof of claim is not to deal with the claim and get rid of it. That happens automatically because it'll be discharged when the debtor gets their discharge. The purpose for allowing the debtor to file a claim in a case where there's assets to distribute is to make sure that a claim that the debtor wants to get paid for whatever reason, such as non-dischargeability, gets paid. It's not to allow the debtor to give the opportunity to bootstrap their way into federal jurisdiction over a claim that really doesn't belong in the federal courts. And we have been up and down this case several times. The debtor just doesn't seem to want to accept the fact that the state courts ruled against them. But Mr. Jenkins, did the state courts rule on the point that Mr. Michel is making now, namely that the state court, I guess the state trial court or the unlawful detainer court, acted in excess of its jurisdiction? They did not. They ruled that it did not act in excess of its jurisdiction. They rule on that specific point? I believe the appellate courts did, yes. So the appeal from, you're talking about the appellate court on what appeal? The appeal from the, I'll call it the unlawful or the unlawful detainer action or the eviction action? Yes, your honor. Can you cite something in the record to me on that? Not off the top of my head, your honor, but the record contains the ruling of the Fresno Superior Court Appellate Division, where they indicated that the trial court was presumed to have made all findings necessary to its ruling. And that included a finding that it had jurisdiction. One other thing concerning subject matter jurisdiction, unlike the federal courts where there's a case or controversy requirement, and you cannot constitutionally hear a case if there's no case or controversy, the state courts aren't bound by that. Subject matter jurisdiction is a little different there. And so it's not necessarily fatal to the court's case if there's a finding later that there was not subject matter jurisdiction, as long as they had jurisdiction over the case. Counsel, I have a procedural question. This is coming up to us on review of a Rule 60 motion, but it's my understanding that this same issue is now raised as part of an adversary proceeding in the bankruptcy case. Is that correct? That's correct. And Judge Lestretto has suspended the proceedings in that pending the outcome of this case. So the decision that we render as part of this appeal will control, I guess, for a better word, the adversary proceeding that's pending? I believe it will. And I'm hopeful that Mr. Michel will agree so we don't have to keep coming back to court on the same argument again and again and again. And just so that I'm clear, the jurisdiction argument is about whether proper notice was provided, right? That's correct. And the state court made a finding ruling against the raises on the question of service was proper. They made a factual finding that service was proper. In the state, in the bankruptcy court, your clients proceeded under Rule 60B. And there's a question there as to whether that's an appropriate vehicle for setting aside a state judgment, as opposed to a federal judgment. The BAP really didn't address that issue. Is that issue open to us? Is that a question for me, Your Honor? No, that's a question for Mr. Jenkins. Your Honor, I would say if you think it's open to you, then it certainly is. Thank you. But again, we see this as a full faith and credit case. I guess I'm not quite sure how it's a full faith and credit case because I mean, there are circumstances where the bankruptcy court can undermine, in various ways, a state judgment. Would you agree with that? I certainly agree with that. But the bankruptcy court cannot declare void a state court judgment if it's been validated by the state court's appellate system. And if a state court would give it full faith and credit, then the bankruptcy court has to give it the same full faith and credit. There's no exception in the bankruptcy code for the full faith and credit statute and having to comply with it. Anything further, Mr. Jenkins? No, I'll try to answer any other questions the panel has. Otherwise, I don't have any pearls of wisdom for you. I think that the BAP decision says it all and is a very well-written decision. It covers the record. The bankruptcy appellate panel in our district does a very good job of handling cases. And before you rule, I would encourage you to just read the BAP decision again. And I think you will see that they were absolutely correct. All right, it doesn't look like there's any further questions. Thank you, counsel. Thank you, Your Honor. This case will be submitted. Thank you, Your Honor.
judges: Tashima, Selna, Hunsaker